UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RICELAND FOODS, INC., | ) | |
| | ) | |
| Plaintiff | ) | Case No. 4:10-cv-091-SWW |
| | ) | |
| v. | ) | |
| | ) | |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE
PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned parties, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of all documents, materials, information, and other products of discovery, including but not limited to deposition testimony, deposition exhibits, interrogatory answers, responses to requests for admission, responses to requests for production and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed documents, materials, or information (collectively "Discovery Material") produced by any party or non-party ("Producing Party") through formal or informal means in the above-captioned action (the "Action")[1]. In accordance with the parties' stipulation and for good cause shown, it is HEREBY ORDERED:

1. <u>Confidential Discovery Material</u>. Any Producing Party may designate as "Confidential" any Discovery Material that it believes in good faith contains legally protectable information in accordance with Rule 26(c) of the Federal Rules of Civil Procedure or other applicable law. For purposes

---

[1] Liberty previously advised of its intent to arbitrate coverage issues with Riceland and filed a motion to dismiss or stay the Action in favor of arbitration. To the extent coverage disputes between Riceland and Liberty are arbitrated in lieu of or in conjunction with the Action, the parties intend for this stipulation to be treated as a confidentiality agreement and to continue in place. As such and to the extent of arbitration proceedings, if any, the parties intend for the word "Action" as used throughout to apply to such arbitration proceedings.

of this Stipulation and Order, information considered to be Confidential Discovery Material shall include, without limitation, all non-public materials containing information related to: financial or business plans or projections; proposed strategic transactions or other business combinations; trade secrets; confidential and proprietary business information; business and marketing plans and strategies; studies or analyses by internal or outside experts; financial or tax data; competitive analyses; costs of goods and services; pricing of goods and services; personnel records and information; product research, development and planning; financial results or data; reinsurance; reserves; internal policies or procedures; underwriting materials; information or files concerning insurance claims; or other personally sensitive, proprietary, or protected information.

      For purposes of this Stipulation and Order, information considered to be Confidential Discovery Material shall also include all non-public materials containing information related to: the services provided and related invoices concerning Riceland's defense of underlying lawsuits and claims against Riceland and/or other materials, information, and documents concerning Riceland's defense of such underlying lawsuits and claims, including, but not limited to, budgets, reports, summaries, analysis, strategy, and/or invoices, protected by attorney-client privilege, work product doctrine, common interest doctrine, insurer-insured privilege and/or other privileges and protections that permit non-disclosure of such materials, information, or documents in the underlying lawsuits, claims, or elsewhere. The parties expressly agree that they intend for such materials, information, and/or documents concerning such underlying lawsuits and claims to retain all applicable privileges and protections if and when produced through formal or informal means as Confidential Discovery Material and that the parties retain a common interest in preserving such privileges and protections; in addition, the parties expressly agree that they intended such privileges and protections to apply to any previously exchanged materials, information, and/or documents concerning such underlying lawsuits and claims and that they intend to retain and preserve such privileges and protections with respect to such previously exchanged materials, which shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order.

      All Discovery Material designated as Confidential Discovery Material shall be handled in strict accordance with the terms of this Stipulation and Order.

2. <u>Limitation on Use</u>. Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of the Action, any appeals of the Action, and/or in handling, defending, administering, or responding to the underlying lawsuits and claims against Riceland, including, but not limited to, applying insurance coverage for fees and costs and/or settlement, if any, of such underlying lawsuits and claims. Confidential Discovery Material, or information derived therefrom, shall not be used for any other purpose, including, without limitation, any business or commercial purpose; however, the Parties Agree this Protective Order shall not preclude Liberty from disclosing Confidential Discovery Materials as permitted by this Stipulation and Order, including to reinsurers, retrocessionaires, or auditors for legitimate business purposes, provided the reinsurers, retrocessionaires, or auditors are advised of the Protective Order and Liberty takes reasonable steps to secure assurances that such third parties will preserve the confidential nature of such materials. Liberty has sought to dismiss or stay this Action in favor of arbitration and the Parties agree that this Protective Order is intended to have continued application as a stipulation and agreement of confidentiality should such motion be granted and/or in arbitration proceedings, if any.

3. <u>Designation of Confidentiality</u>. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

    a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Confidential Information Subject to Protective Order" to all pages of any document containing Confidential Discovery Material, except that in the case of multipage documents bound together by staple or other permanent binding such designation need only be made on the first page for the entire document to be treated as Confidential Discovery Material. Materials such as videotapes, audio tapes, and electronic media such as computer disks, compact discs, or DVDs, which contain or include Confidential Discovery Material, shall be designated by affixing the appropriate legend to the package thereof. Any such designation shall subject the document, its contents, or any portion thereof, to this Stipulation and Order without any further act on the part of the Producing Party. The failure of a Producing Party to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order.

    b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties after receiving a copy of the transcript thereof; and when possible, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of

the transcript containing any Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or by written agreement of the parties, without further order of the Court.

4. <u>Production by Non-Parties</u>. If any non-party in receipt of a request, subpoena, or subpoena duces tecum requesting documents or tangible things believes in good faith that the requested documents or tangible things contain Confidential information, the non-party may designate such material as Confidential Discovery Material in accordance with the procedures set forth in paragraph 3 of this Stipulation and Order. Discovery Material designated by a non-party as "Confidential," including copies, excerpts, and summaries thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order. Any non-party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-party's claim of confidentiality.

5. <u>Who May Access Confidential Discovery Material</u>. Confidential Discovery Material shall not be disclosed by the person receiving it to any other person without the prior written consent of the Producing Party or an order of the Court or Arbitration Panel, except the following:

   a. outside counsel who represent parties that have appeared in the Action, and regular and temporary employees of such counsel (such as other lawyers, clerical, paralegal or secretarial personnel) necessary to assist in the conduct of the Action for use in accordance with this Stipulation and Order;

   b. employees of the parties with responsibilities relating to this Action;

   c. experts, contractors, or consultants retained by outside counsel or designated as expert witnesses in the Action and deemed necessary to assist outside counsel for parties that have appeared in the Action if such experts, contractors, or consultants: are not employees of parties adverse to Riceland in the pending underlying lawsuits and claims; have not been retained as experts, contractors, or consultants by parties adverse to Riceland in such lawsuits or claims; and are not employed by competitors of Riceland known to Liberty.

   d. the Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Discovery Material is filed in accordance with the terms of this Protective Order (or if arbitrated, the functional equivalent of the entities and persons in this paragraph);

   e. to the extent that this proceeding is dismissed or stayed in favor of arbitration, members of the Arbitration Panel and their employees;

   f. deposition or trial witnesses or potential deposition or trial witnesses in this

      Action who are not subject to Paragraphs 5(b) and 5(c) above;

  g. stenographers, or other persons preparing transcripts of testimony in connection with the Action;

  h. members of data entry, data processing, or computer imaging firms employed by either the parties or counsel to assist in the development or use of data retrieval systems or computer imaging of documents in connection with this Action;

  i. employees of copy services utilized with respect to this Action, provided they return the materials and all copies thereof to the Party utilizing the service;

  j. employees of Litigation support vendors utilized with respect to this action;

  k. reinsurers, retrocessionaires, and auditors to the extent reasonably required;

  l. any governmental or regulatory body as required by law; and

  m. any other person only upon order of the Court or Arbitration Panel or upon stipulation of the party that produced the Confidential Discovery Material.

  6. <u>Undertaking Forms</u>.  With the exception of those persons designated in Paragraphs 5(a), 5(b), 5(d), 5(k) and 5(l), no disclosure of Confidential Discovery Material, or any copy, excerpt, or summary thereof, or the information contained therein, received from a party or non-party, shall be made to any person until such person has been provided with a copy of this Protective Order and such person has agreed to be bound thereto by execution of the Undertaking Form attached hereto as Exhibit A.  Each executed Undertaking Form shall be retained by outside counsel for the parties so that it may be shown to counsel for the Producing Party if a request therefore is made.

  7. <u>Retaining Confidential Discovery Material in a Secure Manner</u>.  All parties, their counsel, and all persons designated in Paragraph 5 above who obtain Confidential Discovery Material shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Discovery Material, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

  8. <u>Procedure for Filing With the Court or Arbitration Panel</u>.  Any party seeking to file Confidential Discovery Material with the Court or Arbitration Panel shall do so under seal.  Such Confidential Discovery Material shall be labeled on the cover:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

and, unless otherwise agreed by counsel or directed by the Court or Arbitration Panel, shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by the Court or Arbitration Panel in the Action.

9.  <u>Effect on Discovery and Other Matters</u>.  This Stipulation and Order has been agreed to by the parties to facilitate formal and/or informal discovery and the production of information in this Action as well as the defense of underlying lawsuit or claims to the extent desired by the parties.  Neither the entry of this Order, nor the designation of any information, document or the like as Confidential Discovery Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this Action.  Moreover, entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

   a.  enlarge or affect the proper scope of discovery in this Action, nor imply that Discovery Material designated as Confidential under the terms of this Stipulation and Order is properly discoverable, relevant or admissible in this Action or in any other litigation;

   b.  operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

   c.  prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

   d.  prejudice in any way the rights of the parties to object to the production of such information or documents outside of this Action if protected by attorney-client privilege, work product doctrine, or other protections that the parties wish to preserve and in no way waive through production in this Action, or prejudice in any way, the rights of the parties to object to the production of similar information or documents in this Action if protected by attorney-client privilege, work product doctrine, or other protections;

   e.  prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

   f.  prejudice in any way the rights of a party to seek a determination by the Court or Arbitration Panel whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

       g.       prejudice in any way the rights of a party to petition the Court or Arbitration Panel for an additional protective order relating to any purportedly confidential information; or

       h.       prevent the parties to this Stipulation from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

10.    <u>Own Use</u>.  This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material for any purpose.  Nothing in this Stipulation and Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit to so use or discuss that material for any reason.  Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Stipulation and Order.  Additionally, nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential obtained lawfully by such party independently of the formal or informal discovery proceedings in the Action or other exchange of information under this Stipulation and Order.

11.    <u>Inadvertent Production</u>.  The Parties agree that the inadvertent production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, whether or not designated Confidential under this Protective Order, shall not be deemed a waiver of any applicable privilege or protection.  In the event that material considered by the Producing Party to be privileged is inadvertently produced, the Producing Party may retrieve such material as follows:

       a.       The Producing Party provides written notice within sixty (60) days of the date of discovery of the inadvertent production (or later with leave of Court or the Arbitration Panel or by agreement among the parties) but sufficiently in advance of trial to avoid prejudice to the opposing party, identifying the particular documents or portions thereof claimed to be privileged and the nature of the privilege; and

       b.       Within ten (10) days of receipt of written notice by all Parties, the Parties shall meet and confer.  In the event the Parties cannot agree, the Producing Party shall seek relief from the Court or Arbitration Panel within ten (10) days of the meet and confer session.

       c.       If the Parties agree that particular documents or portions thereof are privileged, or if a claim of privilege is upheld by the Court or Arbitration Panel, the recipients shall return all copies of such documents, and the Producing Party shall provide properly redacted copies in the case of document(s) privileged in part.

The failure of the Producing Party to give timely notice as provided above or timely to seek relief from the Court or Arbitration Panel as provided for above, shall constitute a waiver of the claim of privilege in the absence of agreement or leave of the Court or leave of the Arbitration Panel, but only as to the inadvertently produced information or documents and not as to any other information or documents.

If a Party produces Privileged Material that the recipient believes was produced inadvertently, the recipient immediately shall either return such Privileged Material to the Producing Party or notify the Producing Party of the apparent inadvertent production.

12. <u>Privileged Information and Documents</u>.  As indicated in paragraph 1, the parties contemplate that materials, information, and/or documents subject to the attorney-client privilege, work product doctrine, or other privileges or protections may be produced as Confidential Discovery Material under this Stipulation and Order.  The production of any such information and documents in this Action shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production in either this Action or the underlying lawsuits and claims as the parties wish to preserve all such privileges and protections.  In addition, materials, information, and/or documents previously exchanged between the parties concerning the underlying lawsuits and claims are to retain all such privileges and protections.

13. <u>Joinder of Additional Parties</u>.  In the event additional parties join or are joined in this Action, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed and, at the request of any party, moved the Court or Arbitration Panel for its participation in this Stipulation and Order and review of Confidential Discovery Material.  The parties reserve the right to object to a joining or joined additional party's participation in this Stipulation and Order and review of Confidential Discovery Material and/or to request modification of this Stipulation and Order to ensure adequate protections with respect to any joining or joined additional party.

14. <u>Use at Trial</u>.  It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery in the Action and that the parties will reach further agreement concerning the use of Confidential Discovery Material at trial of the Action, subject to approval of the Court or Arbitration Panel.

15. <u>Amendment or Modification</u>.  Each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court or Arbitration Panel on notice to the other parties hereto for good cause.

16.     <u>Confidentiality Agreement</u>.  The parties agree to be contractually bound by the terms of this Stipulation and Order as a confidentiality agreement while pending the entry by the Court of this Stipulation and Order, or an alternative thereto which is satisfactory to all parties and the Court.

17.     <u>Termination</u>.  The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or order of the Court or Arbitration Panel, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom. Within 30 days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material, including any copies, and certify that fact; <u>provided hovever</u>, that to the extent that any Party is required by law, government or regulatory requirement, contract or other requirement to maintain copies of documents related to this Action, including Confidential Discovery Material , such Party shall maintain such Confidential Discovery Material to the extent necessary to fulfill such requirements while continuing to treat such Confidential Discovery Material as "Confidential" under the terms of this Stipulation and Order.  Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including materials containing Confidential Discovery Material) <u>provided</u> that such outside counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to Court or Arbitration Panel order or agreement with the Producing Party, such materials are intended to retain their confidentiality after claims for coverage have been finally determined between the parties.  All materials returned to the parties or their counsel by the Court or Arbitration Panel likewise shall be disposed of in accordance with this paragraph.

18.     <u>Dispute Resolution</u>.  During the pendency of the Action, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection with the Producing Party, move on reasonable notice for an order vacating the designation.  While such an application is pending, the Discovery Material or

testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

19. <u>Third Party Requests For Information</u>. If any person receiving documents covered by this Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking Discovery Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall give prompt actual written notice, by hand or facsimile transmission at the earliest possible time of receipt of such subpoena, demand or legal process, to those who produced or designated the material "Confidential." The Receiver shall also respond to the subpoena, demand, or legal process by setting forth the existence of this Stipulation and Order and shall cooperate with the Producing Party so that the Producing Party can appear and object to production and in no event shall ever provide any documents prior to giving meaningful written notice to the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation and Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

20. <u>Court Retains Jurisdiction</u>. This Stipulation and Order shall survive the final conclusion of this Action and the Court shall maintain jurisdiction to enforce this Stipulation and Order. All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Stipulation and Order consent to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order and remedying any violations thereof.

IT IS SO ORDERED THIS 31ST DAY OF AUGUST, 2010.

<u>/s/Susan Webber Wright</u>

UNITED STATES DISTRICT JUDGE

| APPROVED AND AGREED TO: | APPROVED AND AGREED TO: |
|---|---|
| THOMPSON COBURN LLP | WILEY REIN LLP |
| By: /s/ Matthew D. Darrough<br>Matthew S. Darrough, *pro hac vice*<br>One US Bank Plaza<br>St. Louis, MO  63101<br>314-552-6000<br>mdarrough@thompsoncoburn.com | By: /s/ Laura A. Foggan<br>Laura A. Foggan, *pro hac vice*<br>Dale E. Hausman, *pro hac vice*<br>1776 K Street, NW<br>Washington, DC 20006<br>202-719-7000<br>lfoggan@wileyrein.com<br>dhausman@wileyrein.com |
| and | and |
| Bary Deacon, #75030<br>Paul D. Waddell, # 87179<br>BARRETT & DEACON, P.A.<br>Post Office Box 1700<br>Jonesboro, AR 72403<br>870-931-1700<br>bdeacon@barrettdeacon.com<br>pwaddell@barrettdeacon.com | H. William Allen, # 69001<br>Brooks C. White, # 2000093<br>ALLEN LAW FIRM, P.C.<br>212 Center Street, 9th Floor<br>Little Rock, AR 72201<br>501-374-7100<br>hwallen@allenlawfirmpc.com<br>bcwhite@allenlawfirmpc.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RICELAND FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:10-cv-091-SWW |
| | ) | |
| v. | ) | |
| | ) | |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **EXHIBIT A – UNDERTAKING FORM**

I hereby certify (i) my understanding that Confidential Discovery Materials are being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing the Production and Exchange of Confidential Material and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, I agree to be fully bound by the terms, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Stipulation. I understand that violation of the terms of the Stipulation and Order is punishable by contempt of Court.

Dated: _____   Signature:_____