**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RICELAND FOODS, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV00091   SWW |
| LIBERTY MUTUAL INSURANCE | * | |
| COMPANY | * | |
| | * | |
| Defendant | | |

**ORDER**

Riceland Foods, Inc. ("Riceland") brings this diversity action against Liberty Mutual Insurance Company ("Liberty"), seeking a declaratory judgment regarding Liberty's duties under commercial general liability policies.  Before the Court is Liberty's motion to compel (docket entry #49), Riceland's response in opposition (docket entry #56), and Liberty's reply (docket entry #59).  After careful consideration, and for reasons that follow, Liberty's motion to compel is granted in part and denied in part.

**I**.

Riceland is an agricultural cooperative that processes and markets rice and other agricultural commodities for its farmer members, and Liberty is an insurance company that issued commercial general liability policies ("the Policies") to Riceland for the periods covering August 1, 2005 through August 1, 2008.  Riceland and various affiliates of Bayer Crop Science ("Bayer") have been named as defendants in more than 170 civil lawsuits by rice growers and distributors, who claim that they suffered damages from the contamination of the commercial

rice supply by genetically modified ("GM") rice.[1]

Plaintiffs in the underlying lawsuits allege that from 1996 to 2006, Bayer grew and tested varieties of GM rice and failed to take precautions to prevent GM rice from contaminating or infiltrating the nation's commercial rice supply. The plaintiffs further allege that beginning in the early 2000's, Riceland assumed an active role in Bayer's GM rice endeavor by entering contracts with farmers to grow GM rice and by milling and processing GM rice. According to the farmers and distributors prosecuting the underlying suits, Bayer and Riceland knew that the conventional rice supply could be contaminated by GM rice, and they failed to take precautions to prevent such contamination.

Riceland notified Liberty of the underlying lawsuits and sought a defense under the Policies. Under a reservation of rights, Liberty agreed to provide a defense in all of the underlying lawsuits, with the exception of three, but then filed a claim for arbitration, taking a no-coverage position as to all of the underlying lawsuits. On February 10, 2010, Riceland commenced this action seeking a declaration regarding Liberty's duties under the polices.

**II.**

The case is before the Court on Liberty's motion to compel. Liberty categorizes the discovery requests at issue as follows: (1) document requests and interrogatories concerning GM rice; (2) document requests concerning Riceland's communications with Bayer; (3) document requests and interrogatories concerning the reasonableness of attorney fees incurred in the underlying lawsuits; (4) document requests and interrogatories concerning coverage analysis for the underlying lawsuits; and (5) document requests concerning other policies.

---

[1] In August 2006, the United States Department of Agriculture announced that genetically modified rice had been discovered in the United States rice supply.

**Discovery Requests Concerning GM Rice**

In its Requests for Documents Nos. 12, 13, 14, 15, 16, and 17, Liberty seeks the production of documents that may supply information regarding "the extent of Riceland's knowledge and involvement concerning GM rice." Docket entry #50, at 8. Such information, Liberty asserts, is relevant because the Policies exclude coverage for property damage expected or intended from the standpoint of the insured.

The documents sought include documents concerning the following: (1) Riceland's activities related to the use, growth, storage, sale, research and development of GM rice (Request No. 12); (2) Riceland's contracts, work orders, service orders, joint ventures, and collaboration with any entity concerning GM rice (Request No. 13); (3) sources, causes, means, or mechanisms (whether actual, alleged, or potential) for contamination the commercial rice supply by GM rice (Request No. 14); (4) risks and benefits of GM rice (whether actual or potential) (Request No. 15); (5) communications concerning GM rice with the United States Food and Drug Administration, United States Department of Agriculture, and any other federal or state government agency that regulates food and agriculture (Request No. 16); and (6) suits, claims, complaints, correspondence, and communications alleging that Riceland, Bayer, or other persons are responsible for GM contamination (Request No. 17).[2]

Riceland acknowledges that the documents sought could be relevant to indemnification issues but contends that it has not asked the Court to determine Liberty's indemnification obligations. The Court disagrees. In the ad damnum clause of the complaint, Riceland seeks a declaration that the Polices apply to Riceland's claims arising out of the underlying lawsuits and

---

[2]In response to Request No. 17, Riceland produced all complaints in its possession, which allege that Riceland is responsible for GM contamination.

a declaration that Liberty shall honor *all* of the obligations and responsibilities set forth in the Policies for the underlying lawsuits. *See* Compl., at 22.

Riceland further contends that the "various disputed, factual issues involved in the GM Rice lawsuits" should be "tried by the parties in the GM Rice lawsuits, with indemnity coverage issues determined when ripe." Docket entry #5, at 3. Riceland's presumption that indemnity coverage issues are not ripe for consideration is contrary to Eighth Circuit precedent. "In the insurance policy context, a declaratory judgment action is ripe [for adjudication] irrespective of whether the underlying action is ongoing or resolved." *Scottsdale Insurance Co. v. Universal Crop Protection Alliance, LLC*, 620 F.3d 926, 934 (8th Cir. 2010)(citing *Capitol Indem. Corp.*, 978 F.2d 437, 438 (8th Cir. 1992)).

Finally, Riceland objects that Liberty's document requests are without reasonable temporal limits and seek confidential and protected material produced in the underlying lawsuits. Because the Policies exclude coverage for property damage expected or intended from the standpoint of the insured, the Court agrees that information regarding Riceland's knowledge of and involvement with GM rice is relevant. However, the Court finds that documents and information that came to Riceland *after* contamination of the rice supply, which would include material produced in the underlying lawsuits, is not relevant to whether Riceland expected or intended the contamination and property damage to occur.

The Court is without sufficient information necessary to impose specific temporal limits on Liberty's discovery requests concerning GM rice. Accordingly, the Court urges the parties to reach an agreement on this issue. If efforts to reach an agreement fail, the parties may seek Court intervention with motions that provide detailed information as to the timing of the occurrences that caused the property damage at issue in the underlying lawsuits.

**Document Requests Concerning Communications with Bayer**

In its Document Request No. 18, Liberty seeks all documents concerning communications between Riceland and Bayer related to the underlying lawsuits.  Riceland objects to the request on grounds that the information sought is neither relevant nor likely to lead to the discovery of admissible evidence and the request is overbroad and unduly burdensome, as it requires Riceland to produce documents relating to "all" communications, even those that have no connection to the parties' coverage dispute.

Liberty contends that the information sought is subject to discovery because (1) it may uncover evidence regarding Riceland's involvement with Bayer's GM rice activities and Riceland's knowledge about GM rice, (2) it may show that Bayer and Riceland had an agreement that one of them would assume the defense or liability of the other, and (3) it could be relevant to any subrogation or contribution rights that Liberty might have.

The Court finds that Liberty's document request is too broad and seeks information that is not relevant to the coverage issues before the Court, such as information obtained by Riceland after contamination of the rice supply.  Additionally, the Court finds that Liberty's quest for documents regarding the extent of Riceland's knowledge and involvement concerning GM rice is adequately covered under Document Requests Nos. 12 through 17.  The Court agrees, however, that an agreement between Bayer and Riceland, whereby one agreed to assume defense or liability costs arising from GM rice litigation, would be relevant to the coverage issues in this case.  Accordingly, Riceland is directed to provide any  communications between Riceland and Bayer concerning such an agreement or concerning negotiations toward such an agreement.

**Discovery Requests Concerning Attorney Fees**

Riceland seeks to recoup attorney fees and defense costs it has incurred in the underlying

lawsuits, and Liberty seeks information relevant to the reasonableness of the fees and costs that Riceland has incurred. Liberty issued a request for documents concerning "any matters that Thompson Coburn LLP or Barrett & Deacon has handled for Riceland since January 1, 2000, including matters other than the Underlying Suits." Docket entry #50, at 11. Liberty also propounded the following interrogatory:

> Interrogatory No. 20.   For any attorneys or law firms that have represented You in civil litigation since January 1, 2000:
>
> (a) Identify the attorney or law firm:
>
> (b) Identify the case caption, docket number, and court for which each attorney or law firm entered an appearance on Your behalf;
>
> (c) describe the subject matter of the litigation;
>
> (d) state the rate(s) charged to You by each such attorney or law firm.

Riceland objects that Liberty's requests are too broad because they seek more than information about attorney fee rates and ask for all documents pertaining to all matters (including non-litigation matters) in which the aforementioned law firms represented Riceland. Riceland maintains that the requests present an undue burden and encompass an unreasonably lengthy time frame--2000 to the present. Riceland reports that Liberty has suggested that Riceland redact documents that contain privileged or protected information, and Riceland asserts that redacting documents dating back to 2000 presents an unduly burdensome task.

Riceland makes the following offer:

> If narrower in its scope (since 2006 when the GM Rice lawsuits started and limited to defense of civil litigation for Riceland), Riceland would prove willing to answer interrogatory 20, subject to redaction for any privilege and protection. Upon doing so, Liberty would have the information that it seeks without the need for the

> burdensome production . . . of all billings and payments, as well as all documents concerning nature of all matters in which Barrett & Deacon, P.A. and Thompson Coburn LLP have worked in the last ten years.

Docket entry #56, at 7. In response to Riceland's offer, Liberty states that it is willing to limit the requests to litigation matters, so long as Riceland produces responsive information as to all matters since 2000 in which the aforementioned law firms have represented Riceland.

The Court may limit discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefits. *See WWP, Inc. v. Wounded Warriors Family Support, Inc*. 628 F.3d 1032, 1039 (8th Cir. 2011). Here, the Court finds that the probative value of documents regarding attorney fees incurred for matters unrelated to litigation and attorney fees dating back to 2000 is outweighed by the time and expense involved in gathering and redacting such documents. While information regarding attorney fees incurred by Riceland in other matters may be helpful, it is not crucial to a determination regarding the reasonableness of attorney fees incurred in the underlying lawsuits. The deciding factors include the ability of the attorneys, the time and labor required to perform services properly, the novelty and difficulty of the issues involved, and the fee customarily charged for similar services in the local area are determinative. *See Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990).

In sum, the Court finds that the information Riceland has offered to supply regarding attorney fees is sufficient, and the Court directs Riceland to provide Liberty the information set forth in its proposal.

### Discovery Requests Concerning Coverage Analysis

Liberty seeks information regarding "analysis of coverage for the underlying suits," and it propounded a request for the following documents:

> All Documents concerning Communications with any Person, including any insurers, insurance brokers or agents, regarding any actual or possible insurance coverage for the Underlying Suits, including all notices to insurer and responses thereto request seeking all documents concerning Riceland's communications with any person, including regarding any actual or possible insurance coverage for the underlying suits, including all notices to insurers and responses thereto.

Docket entry #50, at 14. Riceland responded with general objections--that the request is overly broad, vague and ambiguous and seeks information that is not relevant. Subject to its objections, Riceland produced copies of its notices to insurers with respect to the underlying lawsuits and responses thereto.

Liberty asks the Court to compel Riceland to produce documents regarding Riceland's communications with brokers or other insurers regarding coverage for the underlying lawsuits. Liberty notes that the Polices contain "other insurance" clauses that limit Liberty's obligations if other valid and collectible insurance in available. The Court agrees that the documents sought are relevant to the coverage issues before the Court. Additionally, the Court finds that Riceland's blanket objections lack specificity. *See* Local Rule 33.1 ("A blanket objection . . . will not be recognized. . . . The ground for objection must be stated with particularity."). Accordingly, Riceland is directed to produce any documents regarding Riceland's communications with brokers or other insurers regarding coverage for the underlying lawsuits.

Liberty also propounded an interrogatory asking Riceland to identify any person with knowledge regarding the "availability of insurance coverage, or lack thereof, to Riceland for the Underlying Suits under any policy of insurance, including but not limited to the Polices issued by Liberty." Docket entry #50, at 5. In its response to this interrogatory, Riceland objected that the phrase "availability of insurance coverage, or lack thereof" is vague and ambiguous. Riceland also responded that its excess insurance carriers take the position that Liberty has yet to exhaust the limits of the Polices and that "persons with knowledge concerning the availability of

coverage would include the insurers and/or their employees or representatives responding to the tenders." Docket entry #50, at 14.

In support of its motion to compel, Liberty sates that it is entitled to know the names of any persons who have either evaluated coverage under the Polices or have knowledge relevant to coverage. Riceland responds that it will amend its response to provide the names of individuals who have evaluated coverage under the Polices, and the Court directs Riceland to amend its response accordingly.

### Document Requests Concerning Other Policies

In its Request for Production of Documents No. 4, Liberty seeks all documents concerning communications between Riceland and its insurers, brokers, agents, or underwriters regarding the procurement, terms, negotiation, or issuance of any other liability insurance to Riceland since January 2006, including primary, umbrella, excess, errors and omissions, products, and recall insurance.

Riceland objects that Request No. 4 is vastly overbroad and seeks documents that are immaterial to the issues joined in this action–including documents pertaining to insurance for workers' compensation, employment practices, fiduciary liability, and directors & officers' liability and insurance policies that cover periods other than those at issue in this case. Liberty contends that it is entitled to evaluate for itself whether the other insurance policies constitute "other insurance" within the meaning of the Policies. The Court agrees and finds that Riceland must produce documents responsive to Request No. 4.

### III.

For the reasons stated, Defendant's motion to compel (docket entry #49) is GRANTED

IN PART AND DENIED IN PART as provided in this order.  Plaintiff is directed to provide discovery responses within twenty (20) days from the entry of this order.

IT IS SO ORDERED THIS 1st DAY OF AUGUST, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE