IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RICELAND FOODS, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV00091  SWW |
| LIBERTY MUTUAL INSURANCE | * | |
| COMPANY | * | |
| | * | |
| Defendant | | |

**ORDER**

Riceland Foods, Inc. ("Riceland") brings this action against Liberty Mutual Insurance Company ("Liberty"), seeking a declaratory judgment regarding Liberty's duty to defend and indemnify Riceland in connection with underlying lawsuits. Now before the Court is the parties' joint motion to dismiss certain claims and defenses and to stay and administratively close this case. After careful consideration, and for reasons that follow, the motion is granted on the condition that the parties file periodic status reports as ordered by the Court.

Riceland is an agricultural cooperative that processes and markets rice for its farmer members, and Liberty is an insurance company that issued commercial general liability policies to Riceland. Riceland and various affiliates of Bayer Crop Science were named as defendants in more than 170 civil lawsuits by rice growers and distributors, who claim that they suffered damages from the contamination of the commercial rice supply by genetically modified rice.

Riceland notified Liberty of the underlying lawsuits and sought a defense under the general liability policies. Under a reservation of rights, Liberty agreed to provide a defense in all of the underlying lawsuits, with the exception of three, but then filed a claim for arbitration, taking a no-coverage position as to all of the underlying lawsuits. On February 10, 2010,

Riceland commenced this action seeking a declaration regarding Liberty's duties under the policies.

By order entered August 19, 2011, the Court granted the parties' joint motion to stay indemnification issues and to extend certain deadlines set forth the Court's final scheduling order.  *See* docket entry #69.  However, the Court advised the parties that the question of Liberty's duty to indemnify would not be stayed indefinitely, and the Court required the parties to file monthly status reports regarding developments that affect the indemnification coverage issue.

In support of their present motion, the parties report that so far, Riceland has not been adjudicated liable in any of the underlying lawsuits, nor has Riceland paid money in settlement of the underlying suits.  Additionally, the parties report that they have settled matters, including Riceland's claims regarding defense costs in the underlying lawsuits incurred through and including October 31, 2011.  The parties move for dismissal with prejudice as to claims regarding (1) defense costs incurred in the underlying suits through and including October 31, 2011; (2) Liberty's claim handling and actions or inactions concerning the underlying suits though October 31, 2011; and (3) Riceland's actions or inactions in defending or prosecuting the underlying suits through October 31, 2011.

The parties also ask the Court to stay and administratively close this case as to (1) actions or inactions of either party occurring on or after November 1, 2011, (2) the parties' rights and obligations regarding indemnification for any settlements or judgments adverse to Riceland in the underlying suits, and (3) any defense cost incurred after November 1, 2011.  In the event that the Court declines to stay and administratively close the case as requested, the parties request

that the Court dismiss the remaining claims without prejudice.

In the insurance policy coverage context, a declaratory judgment action is ripe for review regardless of whether the underlying litigation is ongoing or resolved.  *See Capitol Indemnity Corp. v. Miles,* 978 F.2d 437, 438 (8th Cir. 1992).   However, because the parties are in agreement that the unresolved issues should be stayed, the Court will grant the relief requested on the condition that the parties file periodic reports regarding the status of the underlying cases.

IT IS THEREFORE ORDERED that the joint motion to dismiss certain claims and to stay and administratively close the action (docket entry #74) is GRANTED.

IT IS FURTHER ORDERED that all claims related to (1) defense costs incurred in the underlying suits through and including October 31, 2011; (2) Defendant's claim handling and actions or inactions concerning the underlying suits though October 31, 2011; and (3) Plaintiff's actions or inactions in defending  or prosecuting the underlying suits through October 31, 2011 are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that this case is STAYED and ADMINISTRATIVELY CLOSED with respect to all remaining claims.

**IT IS FURTHER ORDERED that the parties shall file a joint report on or before October 1, 2012, stating the status of the underlying cases and whether this case can proceed or be dismissed.**

IT IS SO ORDERED THIS 3RD DAY OF APRIL, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE